**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALEKSANDR ANATOULYE ZAGORODNYY,

   Petitioner,       Case No. 4:16-cv-10178
             HONORABLE TERRENCE G. BERG
v.            UNITED STATES DISTRICT JUDGE

JOSEPH BARRETT,

   Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR
WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF
APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

   Aleksandr Anatoulye Zagorodnyy, ("petitioner"), confined at the Cooper

Street Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner

challenges the Michigan Parole Board's decision to deny him parole for his

conviction of operating a motor vehicle while impaired, third offense, Mich. Comp.

Laws § 257.625, and being a second habitual offender, Mich. Comp. Laws § 769.11.

For the reasons stated below, the application for a writ of habeas corpus is

summarily DISMISSED WITHOUT PREJUDICE.

## I.  FACTUAL BACKGROUND

   Petitioner pleaded *nolo contendere* in the Kent County Circuit Court and was

sentenced to 2 years, 10 months to 10 years, 6 months in prison.

On February 26, 2015, petitioner's substance abuse counselor at prison, Ken Seel, prepared a Substance Abuse Client Discharge Sheet for petitioner.  Mr. Seel indicated that due to a language barrier created by petitioner's limited command of the English language [Petitioner says he is from "the Ukraine, Russia"], he was unable to determine how much petitioner would be able to benefit from the Advanced Substance Abuse Treatment (ASAT) program.  Mr. Seel indicated that petitioner had attended and participated in the programming.

On July 7, 2015, a parole guidelines worksheet was prepared which assessed petitioner at a high probability of parole.

Petitioner was interviewed by the Michigan Parole Board.  On September 9, 2015, the Michigan Parole Board denied petitioner parole and ordered a 12-month continuance.  The basis for their decision was that petitioner had a long history of alcohol driving related convictions and "no insight into why he drinks."  The Parole Board further stated that petitioner failed to use programming to gain the insight needed to understand or control his drinking.

Petitioner filed a petition for writ of habeas corpus, in which he claims that the Michigan Parole Board violated his constitutional rights by denying him parole. Petitioner further claims that the Parole Board failed to offer substantial and compelling reasons for departing from the parole guidelines recommendation. Lastly, petitioner contends that the Parole Board improperly used his ethnicity and nationality to deny him parole because their decision to deny petitioner parole was based on Mr. Seel's inability to understand petitioner and petitioner's inability to

make Mr. Seel and the Parole Board understand him due to his limited understanding of the English language. By his own admission, petitioner admits that he did not attempt to present these claims to the state courts but claims that there are no remedies with which to exhaust these claims.

## II. Discussion

The instant petition is subject to dismissal because petitioner has not exhausted his claims with the state courts and has a remedy with which to do so.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner contends that he should be excused from exhausting his claims because Michigan law prohibits prisoners from appealing adverse parole board decisions to the Michigan courts.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto*, 207 F. Supp. 2d at 676.  A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

Prior to 1999, a decision by the Michigan Parole Board to grant or deny parole was appealable by the prisoner, prosecutor, or the victim of the crime for which the prisoner was convicted. *See* Mich. Comp. Laws § 791.234(8).  In 1999, the Michigan Legislature amended that provision to allow for appeals only from the action of the parole board in granting parole by the prosecutor or the victim. *See* Mich. Comp. Laws § 791.234(9)(as amended by 1999 Mich. Pub. Acts 191).  This subsection has since been recodified as Mich. Comp. Laws § 791.234(11)(*See* 2006 Mich.Pub. Acts 167).  The  Michigan Supreme Court subsequently amended M.C.R. 7.104, effective March 10, 2000, to eliminate the provisions regarding the methods by which a prisoner could appeal a parole denial. *See* M.C.R. 7.104(d)(1), (2)(a).

Finally, the Michigan Court of Appeals has held that a prisoner may not appeal the denial of parole under the Administrative Procedures Act, Mich. Comp. Laws § 24.201, or the Revised Judicature Act, Mich. Comp. Laws § 600.631. *See Morales v. Michigan Parole Board,* 260 Mich.App. 29, 36-42; 676 N.W.2d 221 (2004).

The Sixth Circuit Court of Appeals has held that a Michigan petitioner's failure to exhaust his equal protection challenge to parole procedures was excused under 28 U.S.C. § 2254(b)(1)(B)(i) because Michigan law does not provide a state corrective process for such a claim. *See Jackson v. Jamrog*, 411 F. 3d 615, 618 (6th Cir. 2005). However, certain types of parole denial claims involving radical defects in legal process may be cognizable in state habeas corpus proceedings or by a complaint for an order of mandamus. *Id.* at 621; *See also Morales,* 260 Mich.App.at 40-41.  Although acknowledging that a state habeas petition could be brought only to challenge a radical jurisdictional defect, the Michigan Court of Appeals noted that: "'A radical defect in jurisdiction contemplates ... an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission.'" *Morales,* 260 Mich. App. at 40 (internal quotations omitted).  The Michigan Court of Appeals concluded:

> Therefore, under certain radical circumstances, a prisoner has a right to file a complaint for habeas corpus. Although not a completely exhaustive list, in the unlikely scenario where the Parole Board has denied a prisoner parole exclusively on the basis of his race, religion, or national origin, a complaint for habeas corpus would be proper.

> *Morales v. Michigan Parole Bd.*, 260 Mich. App. at 40-41.

"[A] prisoner's right to file a complaint for habeas corpus is guaranteed by the Michigan Constitution." *Morales,* 260 Mich. App. at 40.

Petitioner claims that he is being denied parole due to his Russian and/or Ukrainian nationality or ethnic heritage and/or his inability to speak the English language.  Mich. Comp. Laws § 791.233(e)(6) states that the Parole Board  shall not

use a "prisoner's gender, race, ethnicity, alienage, national origin, or religion to depart from the recommended parole guidelines." Because petitioner alleges that the Parole Board used his nationality or ethnic heritage to deny him parole, it is possible that he could file a petition for writ of habeas corpus in the state courts to challenge the Parole Board's decision.

In cases where there is any doubt about the availability of a state court remedy to exhaust habeas claims, the claim must be dismissed. See *Coady v. Vaughn*, 251 F. 3d 480, 489 (3rd Cir. 2001). The somewhat "unsettled state law" with respect to the remedies that might be available to petitioner to challenge the parole board's decision to deny him parole is a factor to be considered in determining whether this Court should proceed on the merits of the habeas petition or require petitioner to exhaust his state court remedies. *Burkett v. Love,* 89 F. 3d 135, 142 (3rd Cir. 1996). Clarification of this issue by the state courts is highly desirable and counsels in favor of the exhaustion of state court remedies rather than a resolution on the merits. *Id.* This Court will therefore resolve any doubts concerning the availability of state corrective processes against a finding of exhaustion. *See Lukity v. Elo,* No. 99-cv-74849, 2000 WL 1769507, * 4 (E.D. Mich. Oct. 10, 2000).

M.C.R. 3.303 (A)(2) states that a habeas action must be brought in the county where the prisoner is detained. Although orders of denial in a state habeas corpus proceeding in Michigan are not appealable by right, these orders may be reviewed by filing an original complaint for a writ of habeas corpus in the Michigan Court of

Appeals. *See Triplett v. Deputy Warden,* 142 Mich. App. 774, 779-80; 371 N. W. 2d 862 (1985). There is no limitation on the time in which a complaint for a writ of habeas corpus may be filed, so long as the prisoner is in custody at the time that the judgment becomes effective. *Id.* at 779. Denial of this petition by the Michigan Court of Appeals is reviewable by the Michigan Supreme Court by filing an application for leave to appeal. M.C.R. 7.301 (A)(2); M.C.R. 7.302.

Petitioner may have available state court remedies with which to exhaust his parole denial claims. Because he has failed to do so, his petition for writ of habeas corpus will be dismissed without prejudice. See *Goodell v. Barrett*, No. 15-cv-11455, 2015 WL 3948910, at *2 (E.D. Mich. June 29, 2015).

### III.  Conclusion

The Court will summarily dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken,

if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy. *Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV.  ORDER

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.  This means that petitioner may re-file this petition once he has fully exhausted his state remedies.**

**IT IS FURTHER ORDERED** That a Certificate of Appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: May 17, 2016

## Certificate of Service

I hereby certify that this Order was electronically submitted on May 17, 2016, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager

9